Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
## for the
### District of Massachusetts

| | |
|---|---|
| Hannah Akomah Martinez ) | Case No. _____ |
| ) | *(to be filled in by the Clerk's Office)* |
| _____ ) | |
| *Plaintiff(s)* ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* ) | Jury Trial: *(check one)* ☐ Yes ☑ No |
| *If the names of all the plaintiffs cannot fit in the space above,* ) | |
| *please write "see attached" in the space and attach an additional* ) | |
| *page with the full list of names.)* ) | |
| -v- ) | |
| ) | |
| National Alliance on Mental Illness (NAMI) ) | |
| Massachusetts ) | |
| ) | |
| _____ ) | |
| *Defendant(s)* ) | |
| *(Write the full name of each defendant who is being sued. If the* ) | |
| *names of all the defendants cannot fit in the space above, please* ) | |
| *write "see attached" in the space and attach an additional page* ) | |
| *with the full list of names.)* ) | |

FILED IN CLERKS OFFICE
2017 NOV -9 PM 3:58
U.S. DISTRICT COURT
DISTRICT OF MASS.

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Hannah A Martinez |
| Street Address | 177 West Harvard Street |
| City and County | Brockton, Plymouth County |
| State and Zip Code | Massachusetts 02301 |
| Telephone Number | 781-249-9117 |
| E-mail Address | nanaakomah@cs.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 5

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

Defendant No. 1

    Name

    Job or Title *(if known)*    Director of Human Resources

    Street Address    National Alliance on Mental Illness (NAMI) Massachusetts

    City and County    The Schrafft's Center

    State and Zip Code    529 Main Street

    Telephone Number    Charlestown, MA 02129

    E-mail Address *(if known)*    617-580-8541

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

1. Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e and following) prohibits employers from discriminating against applicants and employees on the basis of race, color, religion, sex, and national origin (including membership in a Native American tribe).
2. See Mesnick v. Gen. Elec. Co., 950 F.2d 816, 824 (1st Cir. 1991) (citing offensive comments by decision-maker about protected class members as evidence of discriminatory animus)

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

   and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

**Hannah A. Martinez    V    National Alliance on Mental Illness (NAMI) Massachusetts**

A. **If the Basis for Jurisdiction Is a Federal Question (Cont.)**

2. See Mesnick v. Gen. Elec. Co., 950 F.2d 816, 824 (1st Cir. 1991) (citing offensive comments by decision-maker about protected class members as evidence of discriminatory animus)

3. See Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 365-66 (1977) ("When a person's desire for a job is not translated into a formal application solely because of his unwillingness to engage in a futile gesture he is as much a victim of discrimination as is he who goes through the motions of submitting an application.")

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

        The defendant, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

        Or is incorporated under the laws of *(foreign nation)* _____ , and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    **The Amount in Controversy**

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

I was repeatedly discouraged by the Executive Director and the President of NAMI Mass Board of Directors from applying for the position of Director of Diversity and Inclusion. The cruel and hostile environment of their actions and verbal statements directed towards me inhibited my desire to formally apply for the position. With over twenty years of mental health clinician and diversity outreach work that brought significant contributions in diversifying the board of directors as well as the organization in a volunteer capacity, the rejection and discouragement that I received in pursuing the opportunity to apply for the position caused me irreparable harm.
1. In December 2013, NAMI National diversity training in Arlington, VA:

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

As a member of the board of directors for NAMI at the time of unemployment, effort to obtain employment with NAMI Mass was strongly discouraged while I was presented as wanting money from NAMI as opposed to employment, damaged my reputation.
The NAMI Mass leadership went so far to discredit my reputation and credibility with organizations that I developed long-term relationships on their behalf

**Hannah A. Martinez    V    National Alliance on Mental Illness (NAMI) Massachusetts**

**III.    Statement of Claim Cont.**

The specific behaviors and attitudes elicited at me include the following:

1. In December 2013, at the NAMI National diversity training at a hotel in Arlington, VA: I expressed interest in applying for the position being developed, Director of Diversity Outreach and Inclusion, Martinelli, responded with immediate opposition in the presence of another colleague, Ms. Northa Keene (Keene), an African American with the NAMI South Shore Affiliate, who witnessed Martinelli's comment that I should find a job somewhere else, because she, Martinelli will not any job at NAMI for me.

2. In December 20th, 2013, upon return from the diversity training in Arlington, VA, I met with Martinelli in her office in Charlestown, MA, with my letter to her requesting that I would like to be considered for the position of the Director of Diversity and Inclusion, which as discussed at the training, is about to be created by NAMI. I also made it clear that I intended to resign my position on the board for the purpose of being considered for the diversity director position. Martinelli discouraged me from ever applying for the position, however. Upon reading the letter, Martinelli instantly lost her temper and yelled at me for even suggesting that I should be considered for the position. She told me that she intended to consider someone else and that I could leave the diversity team or NAMI for even making the request. She went on to state that I was supposed to be a volunteer and that was all it was to it as long as I was with NAMI. I was in total disbelief about his overreaction to my request, especially as Martinelli and I had had a great working relationship and even become friends. My letter was also cc'd to Rosenfeld.

3. On December 23, 2013, Rosenfeld, in contrast to Martinelli, responded to my letter by email with kindness and thoughtfulness and privately offered me a monetary gift a week afterward and asking me not to resign from the board, stating "We need you." As much as I appreciated his heartfelt gesture, I also insisted to be considered for the position, a gainful work, which will enable me to continue to reach out to the community, especially, the inner-city Boston citizens, for their mental health needs, as I could no longer afford to work as a volunteer for NAMI.

4. On February 21, 2014, Ms. Martinelli sent me an email message in which she asked me to go back to work for Boston Emergency Services Team (BEST), stating: "You explained you worked there before, but maybe it's time to go back."

5. There were several other times that Ms. Martinelli sent me job postings outside of NAMI and encouraged me to apply for those. I felt that she took such actions to discourage me from applying for the Director of Diversity Outreach and Inclusion position. Similarly, in May/June 2014 Mr. Rosenfeld also connected me to his friend at Justice Resource Institute about a job possibility for me. Neither Ms. Martinelli nor Mr. Rosenfield talked to me about the Director of Diversity and Outreach position despite my expressed interest. Ms. Martinelli texted and also called me more than once to check on my progress in finding a job somewhere else. I felt baffled and harassed by their persistence.

Page 2

6. May 15, 2014, while I continued to ask about the diversity director position, Rosenfeld sent an email blast to all board members, upon my first attempt to resign, to imply that I was trying to exhort money from NAMI, which greatly devastated me even to this day, where I see my conduct to be attacked and tarnished as I expressed my inability to continue to put in time and energy of free service to NAMI, while the organization employs people regularly for different positions where some of them were volunteers even for a short time, but in my case, my employment request was objectionable to them. None of the several employees and contractors of the organization was ever non-white for the twenty years I volunteered my services to NAMI. Meanwhile, Martinelli requested for salary increase, and the board readily approved her for a six-figure income. The diversity director position was reported to be $40,000 per year income.

7. In June 2014, Joseph Feaster, a new member to NAMI, an African American attorney and a good friend of Rosenfeld's, made a remark in a meeting we had that day regarding an applicant for the position that he had concerns about people like that applicant who have accents and struggle with the English language. Martinelli immediately responded, "That's right." Feaster knew I was born in Ghana, West Africa and that I speak with an accent. Feaster, like Martinelli and Rosenfeld, did not talk to me about my interest in the position.

8. On September 8th, 2014, when NAMI announced their offer of the position to another person, Florette Willis, as the new Director of Diversity Outreach and Inclusion, I submitted my final resignation from NAMI that day and discharged myself from my position as the President of NAMI Dorchester/Mattapan/Roxbury and also stepped down from the NAMI Massachusetts Board of Directors on which I served. I saw that announcement as a total repudiation of all that I stood for, believed in and demonstrated in performance for NAMI. Their action was a slap in my face and a profound defiance of logic and conventional wisdom, that America and humanity reward the hard worker but not denigrate them to shame, ingratitude and refusal of opportunity. Dignity is a fundamental human right and we should not allow anyone to take it away from us. By refusing to acknowledge me and my work, NAMI has from henceforth, done a great disservice to the African American community as well as other ethnic populations who built trust in my culturally-competent care that embraced them to NAMI for needed services and unique situations to be addressed at higher levels of decision and policy making. I am still deeply disappointed by treatment received from NAMI both for me and the people I served.

NAMI Mass welcomes two new staff!
Mon, Sep 8, 2014 9:49 am

Laurie Martinelli (lmartinelli@namimass.org)To:you + 29 more Details
Dear NAMI Board and Staff:

I am pleased to report that NAMI Mass has hired two new staff that I am very excited to tell you about.

**Annabel Lane** is our new Criminal Justice Project Assistant. Annabel began full time work on 9/2 for June Binney, Director of the Criminal Justice Project. Annabel interned for the project last year so we know her excellent work. Annabel just graduated from the Smith College, School of Social Work. We are very excited to have Annabel with us - welcome Annabel!

**Florette Willis** will be our new Director of Diversity Outreach and Inclusion. Florette will begin working 20 hrs next week; her job is to help the board, staff and affiliates make our NAMI programs accessible to all people. Joseph Feaster (NAMI Boston) conducted the interviews with me. Joseph will also Chair our new Diversity Outreach Advisory Board, joining several board members who are already on this Committee (Kathleen, Hannah, Matt, Kostas and Bernice). You'll be hearing more about Florette and our work going forward, but I wanted to let you all know. Welcome Florette!

Laurie Martinelli
Executive Director
**NAMI Mass**
Please note our new address
The Schraffts' Center
529 Main Street, Suite 1M17
Boston, MA 02129-1125
Phone: 617-580-8541
Fax: 617-580-8673
Email: lmartinelli@namimass.org

**Hannah A. Martinez     V     National Alliance on Mental Illness (NAMI) Massachusetts**

**Relief (Cont).**

I worked for the organization as a committed volunteer since 1994 until 2014 who saw the need to work with the organization to reach communities in need of mental healthcare, particularly the ethnic minority communities, who traditionally often lack access and adequate services for their mental health needs. My work predominantly concentrated in the African American community of inner-city Boston. As in accordance with NAMI's mission to improve the quality of life of both the people with mental illnesses and their families, I thought of NAMI as the organization I can use conscientiously to bring the right services to the people in need, but who often get neglected. It did not take long before I saw the dire need to help the organization itself open up to all others to reach that goal. I worked hard over the years to see great changes take place as the community began to respond to me. When I became unemployed, I made it known to NAMI. I also felt that nobody deserved the title and the position of the Director of Diversity Outreach and Inclusion more than I did in light of my long commitment of service and contribution to NAMI. Yet, as a member of the board of directors of NAMI and the president of NAMI Dorchester/Mattapan/Roxbury even at the time of unemployment, effort to obtain employment with NAMI Mass and being strongly discouraged while I was suddenly being presented as wanting money from NAMI as opposed to employment, was heartbreaking, and damaged my reputation. It deprived me of securing employment with other agencies, while at an agency that finally employed me, I was made fun of by one of the managers when she said in front of others. "Hannah, we know that you cause trouble." I have been devastated, losing sleep at night, for a long time over my treatment by NAMI, and their leadership does not appear to care. I diversified not only the board, but rigorously helped NAMI to grow relations with local agencies and groups, recruit diverse families for services and conducted educational workshops, all in my sincere effort to market NAMI in all positive ways of benefit to both the organization and her communities, especially, those of color. The NAMI Mass leadership went so far to discredit my reputation and credibility with organizations that I developed long-term relationships with on their behalf, like the NAACP with which I have been a member for over twenty years who cherished my work and dedication to the mental health needs of the communities. Suddenly, however, the NAACP leadership distanced itself from me. That intensely shocked me, as I felt enormously betrayed. As far as I am concerned, NAMI caused me trauma, but not emotional wellness.

While I cannot specify an exact money amount I want in compensation, I request an apology from NAMI to address the damage they have caused to my character. Additionally, I want monetary compensation, at least, for last ten years of all the time and energy I offered to make the organization a better one for the true meaning of diversity as based on effective application of cultural competence to benefit all her Massachusetts citizens for justice and true equality in opportunity in service delivery.

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/07/2017

Signature of Plaintiff
Printed Name of Plaintiff   Hannah Martinez

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address